United States District Court
Middle District of Florida
Jacksonville Division

**FRANK RONNIE HALL,**

    *Plaintiff,*

v.                                                                                                            No. 3:20-cv-107-J-34PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

# Order

In this case challenging the Commissioner of Social Security's denial of Frank Hall's application for benefits, the Commissioner moves to stay the case for ninety days or until the Social Security Administration ("SSA") can prepare the transcript of the agency record. Doc. 10. Hall opposes the motion. Doc. 11.

In a denial-of-benefits case, as part of the Commissioner's answer, the Commissioner must "file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Here, Hall filed the complaint in February 2020. Doc. 1. In May 2020, the Commissioner filed the motion to stay. Doc. 10. The Commissioner has filed nothing else, and the Court has not entered a case management and scheduling order.

The Commissioner states that, because of the novel coronavirus pandemic, the SSA has suspended in-person services to the public to focus on providing critical services remotely. Doc. 10 at 1–2. The Commissioner explains the Office of Appellate Operations ("OAO") in Virginia compiles the transcript for each case, and the OAO's operations have been "significantly impacted" since employees began teleworking on March 16. Doc. 10 at 2. Relying on a declaration by Christianne Voegele, the Chief of

Court Case Preparation and Review Branch 1 and Acting Chief of Court Case Preparation and Review Branch 3 for the OAO, the Commissioner explains that, normally, recordings of ALJ hearings are downloaded onto discs and encrypted to protect personally identifiable information; the OAO securely sends the discs to a private contractor for transcription of the hearing recording through a daily pickup and delivery service; the contractor returns a paper copy of the hearing transcript; and the OAO scans the hearing transcript into an electronic record or adds a paper copy to a case file and then prepares the entire administrative transcript to be filed in each case. Doc. 10 at 2.

The Commissioner states that, here, the OAO did not send the hearing recording for transcription before remote work began on March 16. Doc. 10 at 3. After obtaining approval for a new secure process to email encrypted hearing recordings to contractors for transcription, the OAO has had "technical difficulties" transmitting larger files because some contractors cannot accept audio files over 20 megabytes, and the OAO is working to compress and transmit the files. Doc. 10 at 3. The Commissioner explains the audio file here is too large for the contractor to receive, and the OAO is "working on a solution." Doc. 10 at 3–4. The Commissioner requests that, "[g]iven the volume of pending cases," the Court "stay the proceedings in this case for ninety [] days or until such time as [the Commissioner] is able to produce a certified transcript of the record, whichever comes sooner." Doc. 10 at 4.

Much of the information in Voegele's declaration is explained in the motion. Doc. 10-1. She otherwise states the following. She processes appeals of claims to federal court in the Eleventh and other judicial circuits. Doc. 10-1 at 2. Upon notification of a civil action, the OAO must locate the plaintiff's file, which is stored either electronically or in hardcopy and contains evidentiary and procedural documents and the recording of any hearing. Doc. 10-1 at 2. If the claim is timely filed, the OAO sends the hearing recording to the contractor for transcription. Doc. 10-1 at 2. The contractor can take up to twenty days to transcribe the hearing but

usually does so in five to ten days. Doc. 10-1 at 3. Each transcription includes a certification statement by a transcriber and proofreader. Doc. 10-1 at 3. The OAO continues to work to complete the preparation of transcripts remotely and "prioritizes the preparation of the certified administrative records based on receipt dates, with the oldest receipt dates processed first," including court remands. Doc. 10-1 at 5.

Hall responds his file is 23 megabytes, the file could be split into two smaller files or compressed to send to the private contractor, and a three-month stay is unreasonable given the technical issue. Doc. 11 at 2. He contends that social-security plaintiffs generally have been waiting for many years to have their cases resolved and should not be made to wait for an uncertain amount of time. Doc. 11 at 2. He complains the Commissioner has not asked the Court to impose a deadline for a status update. Doc. 11 at 2.

Hall contends a stay is unduly prejudicial because of his health and the time his application has been pending and a stay does not guarantee the technical issue can be resolved. Doc. 11 at 3. He states, "To ensure that disability claims are not indefinitely delayed, in the short term, plaintiffs should be permitted to reference in court the Exhibits in Social Security Disability cases that have already been marked and numbered. These marked and numbered exhibits can be cited in the briefings of counsel without prolonging the adjudication of the claims." Doc. 11 at 3. He contends that, if the Court grants the motion, the Commissioner must "provide status reports every 30 days on the progress of the new process [for] transcription assembly." Doc. 11 at 3.

A court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A court must weigh competing interests, *Landis v. North Amer. Co.*, 299 U.S. 248, 255 (1936), considering the scope of, reasons for, and duration of the stay, *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976). This Court has recently granted similar (but unopposed) motions to stay social-security cases until the OAO can compile the full administrative

3

transcript, either staying the case for 90 days or directing the Commissioner to file a status update within 90 days. *See, e.g., Whitfield v. Comm'r of Soc. Sec.*, 3:20-cv-63-J-32PDB; *Frazier v. Comm'r of Soc. Sec.*, 3:20-cv-153-J-32PDB; *Carnes v. Comm'r of Soc. Sec.*, 6:20-cv-404-Orl-41PDB.

The Commissioner has provided good cause for the stay. The pandemic has delayed jury trials and other proceedings. *See In re: Coronavirus Public Emergency*, No. 3:20-mc-5-J-32. The Commissioner has explained in detail the OAO's processes and resulting need for a stay. Hall has provided no detail about his health or other circumstances that justify requiring the OAO to expedite or change procedures to accommodate the transcript, particularly given the "volume of pending cases," Doc. 10 at 4, with this technical issue. And there is no benefit to the piecemeal briefing Hall suggests as an alternative given that either party may later need to refer to the hearing transcript, and the Court should have access to it to ensure any decision is based on the whole record. Any stay will not be indefinite, and the Court will not order a status update every thirty days because a ninety-day stay is reasonable.

The Court **grants** the motion, Doc. 10, and stays the case until **August 6, 2020**. The clerk is directed to administratively close the case during the stay. If the Commissioner can file the answer and administrative transcript before that date, the Court will lift the stay earlier.

**Ordered** in Jacksonville, Florida, on June 11, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record